JONES v. FIELDS ET AL.

1. **Bond:** CONDITIONS OF: LIABILITY OF SURETY UNDER. Where one member of a partnership pleaded certain claims due the partnership as a set-off in an action against him individually, and executed a bond, with surety, "to account for the whole proceeds of said claims," it was held that the bond bound the obligors to pay the entire amount of such claims, although a portion of them might have been paid to the principal before the bond was executed; and that the dismissal of an action to settle the partnership would not release the surety.

*Appeal from Adams Circuit Court.*

MONDAY, DECEMBER 12.

ACTION on a bond executed by defendant Fields, and Meyerhoff as his surety. Judgment against both of the defendants, but Meyerhoff alone appeals.

*Davis, Wells* and *Russell,* for appellant.

*W. O. Mitchell* and *A. M. Waters,* for appellee.

SEEVERS, J.—Perhaps, because it could not be well avoided, this cause, as it appears to each member of the court, has been presented in a singularly confused manner. The action, originally, was brought on a bond executed by the defendants. By an amended or supplemental petition it was shown the plaintiff and Fields had been partners, and it was sought to settle the partnership accounts between the partners. Why this action was joined with the former we are at a loss to know. We are also at a loss to know why there was anything set forth in the abstract in relation to the action to settle the partnership, because there was but a single judgment or determination made, and Meyerhoff alone appeals, and he was not a proper party and had no interest in the action to adjust the partnership.

We understand this appeal to relate solely to the action on the

Jones v. Fields.

bond.   Rejecting what we regard as surplusage in the record,
we understand the material facts to be:   That the
plaintiff and Fields were partners, and that one
Kennedy, as is claimed, became indebted to the
partnership in the sum of seven hundred and seven dollars.
The defendant Fields was indebted to Kennedy, and the lat-
ter brought an action against the former, based on such in-
debtedness, in which Fields by way of counter-claim pleaded
the partnership indebtedness against Kennedy, and asked to
recover thereon against him.   The plaintiff intervened in said
action and denied the right of Fields to so plead or recover on
the amount due the partnership by Kennedy.   Thereupon it
was agreed between the plaintiff and Fields that the former
should dismiss his petition of intervention and allow Fields
to set up the amount due from Kennedy, as aforesaid, in the
action brought by him against Fields.   In consideration there-
of, Fields agreed to, and did, with Meyerhoff as his surety,
execute the bond sued on.   The bond was given to one Fisher
as receiver of the partnership.   To the counter-claim of
Fields, Kennedy pleaded several defenses, and upon a trial
of the issues Kennedy recovered a less amount than he
claimed.

*1. BOND : condition of : liability of surety under.*

The bond recited at some length the circumstances under
which it was given, and was conditioned as. follows:  "Now if
the said Fields shall well and faithfully prosecute said claims
against said Kennedy and shall promptly account for the whole
proceeds of said claims to said Fisher, to be applied upon the
valid existing indebtedness of the said firm of Fields & Jones,
or in case said Jones shall have paid the debts of the said firm,
the said sums to be paid by said receiver to said Jones   *   *
then this bond to be void, otherwise in force."

Fisher, before the commencement of this action, was dis-
charged as receiver and the plaintiff claims to recover on the
bond because he has paid the debts of the partnership as there-
in contemplated.   The foregoing statement is sufficient, we

think, to a full understanding of the objections urged to the action of the court which we deem essential to be considered.

It is said this is an equitable action and triable anew in this court. We think this exceedingly doubtful, but as appellee does not claim otherwise, it will be so regarded. It is said that the burden is on the plaintiff and he must show how much was allowed Fields in the action brought by Kennedy on the partnership claims. But the condition of the bond is that Fields "shall promptly account for the whole proceeds of said claims." That is to say, Fields agreed, if allowed to plead the amount due the partnership by Kennedy as a counter-claim in the action brought by Kennedy against Fields, the latter would account for, that is, pay, the amount of such claims to the partnership for the use of the plaintiff, if in the meantime the latter had paid the partnership indebtedness. Fields assumed the risk that he would recover on said claims. As Kennedy did not object that the claims could not be litigated in that action, there was in fact no risk assumed if Kennedy was indebted in the amount claimed, and whether this was true or not Fields had as much knowledge as the plaintiff. We are therefore of the opinion the defendants bound themselves absolutely to pay the amount of the claims against Kennedy, to and for the use of the partnership.

We have also looked into the evidence and think the preponderance is with the plaintiff that Fields was allowed in the Kennedy action on said claims at least the amount found by the court. Kennedy testified that he was indebted to the partnership in the amount claimed by Fields, and that he so testified in the action brought by him. It must therefore follow that Fields received in some way credit for the amount of said claims. It is true that Kennedy testified he had paid Fields all or a portion of such amount before the bond was given. But we do not think this material, for, as we have seen, the defendants bound themselves to account for the whole

amount without regard to the time when the claims may have been paid to Fields by Kennedy.

It is urged that Meyerhoff was released because the action to settle the partnership was dismissed by the plaintiff. We are unable to see that the liability under the bond depended to any extent whatever upon the disposition of said action.

AFFIRMED.